# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10761
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL J. GALVAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-30-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Michael J. Galvan was convicted of one count of failing to register as a
sex offender. The district court imposed a within-guidelines prison term of 18
months, to run consecutively to a not-yet-imposed state revocation sentence,
as well as a five-year term of supervised release. On appeal, Galvan argues
that his sentence is substantively unreasonable because the district court gave
too much weight to his criminal history, which was already accounted for by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-10761

the Guidelines, when deciding to run his sentence consecutively to his revocation sentence. The Government argues that plain error review applies because Galvan did not raise this exact issue before the district court.

We need not decide the standard of review issue because Galvan has shown no error, plain or otherwise, in connection with his sentence. The record shows that the district court considered the specifics of Galvan's case before deciding that a within-guidelines sentence running consecutively to Galvan's not-yet-imposed state revocation sentence was needed to satisfy the goals of 18 U.S.C. § 3553(a). The record thus shows that the district court acted properly. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Galvan's arguments amount to no more than a disagreement with the district court's choice of sentence, which does not show error. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see Gall*, 552 U.S. at 51.

AFFIRMED.